UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    -against-

SHAOHUA (MICHAEL) YIN,

    Defendant, and

LIZHAO SU, ZHIQING YIN, JUN QIN,
YAN ZHOU, BEI XIE, and CHAOFENG JI,

    Relief Defendants.

Case No. 1:17-cv-972-JPO

---

**REPLY MEMORANDUM OF LAW OF DEFENDANT SHAOHUA YIN, AND RELIEF DEFENDANTS LIZHAO SU, ZHIQING YIN, JUN QIN, YAN ZHOU, AND BEI XIE IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE <u>FIRST AMENDED COMPLAINT</u>**

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Michael S. Sommer
Megan E. Wall-Wolff
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
msommer@wsgr.com
mwallwolff@wsgr.com

*Counsel for Defendant Shaohua Michael Yin and Relief Defendants Lizhao Su, Zhiqing Yin, Jun Qin, Yan Zhou, and Bei Xie*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.  THE AMENDED COMPLAINT FAILS TO SATISFY THE REQUISITE
    PLEADING STANDARDS ............................................................................................... 2

II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM WITH
    RESPECT TO DREAMWORKS ........................................................................................ 4

    A.  The Amended Complaint Fails to State a Claim under Either the Classical
        or Misappropriation Theories of Insider Trading ...................................................... 4

    B.  The Amended Complaint Fails to State a Claim under the *Onyx*
        Framework .................................................................................................................. 7

III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM WITH
     RESPECT TO LATTICE ..................................................................................................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Chiarella v. United States*,
　　445 U.S. 222 (1980)................................................................................................4, 5

*Dirks v. S.E.C.*,
　　463 U.S. 646 (1983)................................................................................................5, 9

*Energy Factors Inc. v. Nuevo Energy Co.*,
　　No. 91 CIV. 4273 (RLC),
　　1992 WL 170683 (S.D.N.Y. July 7, 1992) ...................................................................3

*S.E.C. v. Aragon Capital Advisors, LLC*,
　　No. 07 CIV.919 FM,
　　2011 WL 3278907 (S.D.N.Y. July 26, 2011) ...............................................................3

*S.E.C. v. Blackwell*,
　　291 F. Supp. 2d 673 (S.D. Ohio 2003) ..........................................................................3

*S.E.C. v. Conradt*,
　　947 F. Supp. 2d 406 (S.D.N.Y. 2013)............................................................................6

*S.E.C. v. Franco*,
　　253 F. Supp. 2d 720 (S.D.N.Y. 2003)............................................................................3

*S.E.C. v. Jafar*,
　　No. 13-CV-4645 (JPO),
　　2015 WL 3604228 (S.D.N.Y. June 8, 2015) .................................................................8

*S.E.C. v. Lambert*,
　　38 F. Supp. 2d 1348 (S.D. Fla. 1999) ............................................................................3

*S.E.C. v. Obus*,
　　693 F.3d 276 (2d Cir. 2012)...........................................................................................4

*S.E.C. v. One of More Unknown Traders in Sec. of Onyx Pharm., Inc.*,
　　296 F.R.D. 241 (S.D.N.Y. 2013) .......................................................................2, 5, 7, 8

*S.E.C. v. One of More Unknown Traders in the Sec. of Onyx Pharm., Inc.*,
　　No. 13-cv-4645,
　　2014 WL 5026153 (S.D.N.Y. Sept. 29, 2014)...............................................................8

*S.E.C. v. Steffes*,
　　805 F. Supp. 2d 601 (N.D. Ill. 2011) .............................................................................3

*S.E.C. v. Suterwalla*,
　　No. 06 CIV. 1446 DMS (LSP),
　　2008 WL 9371764 (S.D. Ca. Feb. 4 2008) ....................................................................3

*Salman v. United States*,
    137 S. Ct. 420 (2016)............................................................................................................5, 9

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994).......................................................................................................3

*United States v. Carpenter*,
    791 F.2d 1024 (2d Cir. 1986).....................................................................................................5

*United States v. Chestman*,
    947 F.2d 551 (2d Cir. 1991)...............................................................................................5, 6, 7

*United States v. Falcone*,
    257 F.3d 226 (2d Cir. 2000)..............................................................................................6, 7, 10

*United States v. O'Hagan*,
    521 U.S. 642 (1997)....................................................................................................................5

## **RULES**

17 C.F.R. § 240.10b5–2(b) ...................................................................................................................6

Fed. R. Civ. P.  9(b) .............................................................................................................1, 2, 3, 10

Fed. R. Civ. P.  12(b)(6)..................................................................................................................1, 10

Defendant Shaohua (Michael) Yin, and Relief Defendants Lizhao Su, Zhiqing Yin, Jun Qin, Yan Zhou, and Bei Xie respectfully submit this reply memorandum of law in further support of their motion to dismiss the First Amended Complaint (the "Amended Complaint") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

**INTRODUCTION**

This is not a typical insider trading case in which the government brings an action against a defendant at most one or two levels removed from an alleged corporate insider on the basis of clearly articulated facts. Instead, this case alleges insider trading by a remote "tippee" who made highly profitable trades in a tiny portion of his extensive portfolio – the type of attenuated fact pattern that has recently bedeviled courts in this Circuit and beyond, and rightly so. Contrary to the SEC's assertions, Defendants do not argue that the Amended Complaint must be dismissed because it is insufficiently detailed on one or two technical points. Rather, it must be dismissed because the SEC cannot make out the most basic factual allegations necessary to plead the key elements of its claims. The SEC's allegations flow from the fundamental assumption that, because Mr. Yin engaged in profitable and "suspicious" trading supposedly in advance of public announcements concerning two unrelated mergers, he *must have* violated the securities laws. To support this conclusory premise, the Amended Complaint speculates about the identity of "potential" tippers, fails to identify any factual basis for concluding that any insider breached a duty, and fails to plausibly allege any duty of trust and confidence that would support a theory of misappropriation. Wholesale speculation and suspicion are simply not enough to state a claim.

The allegations regarding the trading in shares of DreamWorks Animation SKG, Inc. ("DreamWorks") fail to state a claim under both the classical and misappropriation theories of insider trading. The SEC is not permitted to merely identify an individual affiliated with an

entity three levels removed from a potential insider and then urge the Court to infer the remaining elements.  The SEC has not identified any purported insider or alleged any facts showing that an insider received a personal benefit in exchange for disclosing confidential information.  Nor has it plausibly alleged that a corporate outsider misappropriated such information in breach of a relationship of trust and confidence.  The SEC advances no facts to support the notion that Mr. Yin owed relief defendant Chaofeng Ji such a duty, or that Mr. Ji owed such a duty to any of the unidentified individuals along the "potential" tipping chain at Legend Holdings, Legend Capital, or PAG Capital ("PAG").

The Amended Complaint is similarly insufficient as to the trades in Lattice Semiconductor Corp. ("Lattice"): it alleges no facts supporting the conclusion that the "Canyon Bridge Insider" breached a duty, nor does it sufficiently allege a relationship of trust and confidence between that individual and Mr. Yin that would support a theory of misappropriation.  As the SEC concedes, Mr. Yin is a high-volume trader who speculates in trading securities from hundreds of different issuers.  That a small fraction of those trades were very profitable, and that the SEC believes Mr. Yin's actions to be generally "suspicious," is not enough to survive a motion to dismiss.

## ARGUMENT

### I.   The Amended Complaint Fails to Satisfy the Requisite Pleading Standards

As this Court noted in *S.E.C. v. One of More Unknown Traders in Sec. of Onyx Pharmaceuticals, Inc*., 296 F.R.D. 241, 247 (S.D.N.Y. 2013) (Oetken, J.) ("*Onyx"),* insider trading complaints are subject to the heightened pleading standards of Rule 9(b).  That standard is somewhat relaxed in this context, allowing a plaintiff to "plead a belief about the content and circumstances of the tip, coupled with ***particular facts*** supporting that belief."  *Id*. at 248

(emphasis added).  However, while a defendant's state of mind may be pleaded "generally" under Rule 9(b), for those allegations to plausibly state a claim they "must be supported by ***specific facts*** that strongly support an inference of fraudulent intent." *Id*. (citing *Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124, 1128 (2d Cir. 1994)) (emphasis added).

As an initial matter, the SEC misapprehends Defendant's arguments regarding Rule 9(b). Defendants do not argue that the SEC is required to plead the precise facts and circumstances of the alleged tips with particularity, nor do they argue that the Amended Complaint must fail simply because the SEC cannot identify a tipper.  *See* Gov. Br. at 14-15.  Rather, the problem is that the SEC's theory is so attenuated that it cannot allege facts sufficient to plead the key elements of insider trading under any of the cognizable theories.  The cases cited by the SEC for those propositions are not only inapposite, they are entirely distinguishable: those complaints directly identified (or essentially identified) the tippers, most of whom were corporate insiders, and each pleaded numerous facts regarding specific conversations and communications that strongly supported an inference of a tip.[1]  Here, the SEC has not even come close to alleging such facts, nor could it given the remoteness of the alleged tippees.  The Amended Complaint

---

[1] In *Energy Factors Inc. v. Nuevo Energy Co.*, No. 91 CIV. 4273 (RLC), 1992 WL 170683 (S.D.N.Y. July 7, 1992), the complaint survived under Rule 9(b) because it alleged adequate facts to identify the tipper and content of the tip, that the tippee had a close and continuing relationship with the company, and identified multiple phone calls keyed to trading events. In *S.E.C. v. Aragon Capital Advisors, LLC*, No. 07 CIV.919 FM, 2011 WL 3278907 (S.D.N.Y. July 26, 2011), the defendant was the corporate insider and the complaint pleaded facts sufficient to establish the details of his tipping. In *SEC v. Franco*, 253 F. Supp. 2d 720 (S.D.N.Y. 2003), the complaint identified the tipper and alleged facts sufficient to show that he had access to inside information and transmitted that inside information to family members. In *S.E.C. v. Steffes*, 805 F. Supp. 2d 601, 612 (N.D. Ill. 2011), the complaint identified the defendant as the insider and tipper. In *S.E.C. v. Blackwell*, 291 F. Supp. 2d 673, 690 (S.D. Ohio 2003), the court held that the complaint pleaded specific facts regarding the "who, what, when, where, and how" – and even the exact dates – of each alleged disclosure by the (identified) corporate insider.  In *S.E.C. v. Suterwalla*, No. 06 CIV. 1446 DMS (LSP), 2008 WL 9371764 (S.D. Ca. Feb. 4 2008), the court held that the requirements of 9(b) were met because the complaint pleaded numerous facts showing that the tippee's numerous trades closely tracked key events in confidential merger negotiations. Finally, in *S.E.C. v. Lambert*, 38 F. Supp. 2d 1348 (S.D. Fla. 1999), the complaint alleged facts sufficient to show the precise date of the tip and likely identity of the tippers (the tippee purchased stock after attending a football game with company principals) and further identified family relationships and specific communications between the primary and secondary tippees.

does not fail because it cannot adequately allege one of the elements of insider trading – it fails because it does not plead facts sufficient to plausibly allege any of them.

## II. The Amended Complaint Fails to State a Claim With Respect to DreamWorks

### A. The Amended Complaint Fails to State a Claim under Either the Classical or Misappropriation Theories of Insider Trading

As discussed at length in Defendants' opening brief, the Amended Complaint makes an exhaustive attempt to link Mr. Yin to some insider at DreamWorks and, on that basis, build a chain of inferences that would allow the Court to conclude that he must have traded on inside information. That alleged tipping chain is as follows: (1) PAG was an insider on a possible DreamWorks transaction; (2) PAG was also working on an unrelated transaction involving a company called Lexmark, as part of a buyers' consortium that included Legend Capital; (3) an unidentified individual at PAG must have told an unidentified individual at Legend Capital about confidential DreamWorks discussions; (4) the unidentified Legend Capital individual then must have disclosed that information to an unidentified person at Legend Holdings (the parent company of Legend Capital, which is otherwise not alleged to have had any involvement in the Lexmark discussions), or directly to Mr. Ji, who is a director at Legend Holdings; (5) Mr. Ji then must have disclosed that information to Mr. Yin; and (6) Mr. Yin then traded in the securities of DreamWorks on the basis of that confidential information. Am. Compl. ¶¶ 152, 283, 292. Those allegations fail to state a claim under either the classical or misappropriation theories of insider trading, and thus the SEC cannot advance a cognizable theory under the law.

Under the classical theory, a corporate insider tips or trades on the basis of material nonpublic information in breach of his or her duty to the corporation's shareholders. *S.E.C. v. Obus*, 693 F.3d 276, 284 (2d Cir. 2012) (citing *Chiarella v. United States*, 445 U.S. 222, 228 (1980)). As the Supreme Court has made clear, the SEC must show that an *insider* received a

personal benefit in exchange for the disclosure of inside information (thus establishing a breach of duty), and that the tippee knew of the insider's breach. *Salman v. United States*, 137 S. Ct. 420, 427-28 (2016); *Dirks v. S.E.C.*, 463 U.S. 646, 666-67 (1983); *Chiarella*, 445 U.S. at 228; *United States v. O'Hagan*, 521 U.S. 642, 651-52 (1997); *Onyx*, 296 F.R.D. at 249. The SEC once again tries to blur this distinction by identifying Mr. Ji – an individual three levels removed from any connection to DreamWorks – as a possible source of allegedly confidential information who may have benefitted in exchange for his disclosure. Am. Compl. ¶ 288; Gov. Br. at 16-17. But Mr. Ji is ***not*** an insider and has no duty to the DreamWorks shareholders. It does not matter that he could have benefitted from allegedly tipping information to Mr. Yin – that does not constitute a breach under the classical theory. Even if some unidentified person at PAG tipped inside information regarding the DreamWorks transaction, the Amended Complaint alleges no facts that the unidentified individual breached any duty or received any benefit. The Court cannot infer that the purported insider intended the tip to be "a gift of confidential information to a trading relative or friend" because the Amended Complaint does not plead any facts about the relationship between the unidentified insider and anyone else in the alleged tipping chain. *Dirks*, 463 U.S. at 664. Because the Amended Complaint fails to allege any breach of duty by an insider, any facts supporting such a breach, or any allegation that Mr. Yin knew of any such breach, it cannot state a claim under the classical theory.

      The Amended Complaint likewise fails to state a claim under the misappropriation theory, which applies when a corporate outsider "misappropriates" material nonpublic information in violation of a duty of trust and confidence owed to its source (rather than to the shareholders). *See United States v. Chestman*, 947 F.2d 551, 566 (2d Cir. 1991) (citing *United States v. Carpenter*, 791 F.2d 1024, 1032 (2d Cir. 1986)). Such a duty must be fiduciary in

nature, and "exists only where there is explicit acceptance of a duty of confidentiality or where such acceptance may be implied from a similar relationship of trust and confidence between the parties." *United States v. Falcone*, 257 F.3d 226, 234 (2d Cir. 2000) (Sotomayor, J.). Courts have typically found such duties within the context of immediate family, in an employment relationship, where a person "agrees to maintain information in confidence," or when "the person communicating the material nonpublic information and the person to whom it is communicated have a history, pattern, or practice of sharing confidences, such that the recipient of the information knows or reasonably should know that the person communicating the material nonpublic information expects that the recipient will maintain its confidentiality[.]" 17 C.F.R. § 240.10b5–2(b). The Amended Complaint alleges none of those elements. Instead, the SEC merely makes the conclusory allegation that Mr. Yin must have "misappropriated" confidential information from Mr. Ji. Am. Compl. ¶ 287. It has not pleaded any facts by which the Court could infer that Mr. Yin owed a "fiduciary duty or similar relationship of trust and confidence" to Mr. Ji or that Mr. Yin violated that duty. *See S.E.C. v. Conradt*, 947 F. Supp. 2d 406, 410 (S.D.N.Y. 2013) (citing *Chestman*, 947 F.2d at 566). Nor does it plead any facts supporting an alternative misappropriation theory that Mr. Ji owed a duty of trust and confidence to anyone else in the tipping chain.[2] The Amended Complaint makes no allegation that Mr. Ji asked Mr. Yin to keep the alleged inside information in confidence or that he and Mr. Yin had any sort of fiduciary relationship. The assertion that Mr. Yin and Mr. Ji are former colleagues who "had

---

[2] Although the SEC now claims that its primary theory of liability posits Mr. Ji as the misappropriator, the Amended Complaint clearly states otherwise. *Compare* Gov. Br. at 19 n. 2 *with* Am. Compl. ¶ 287. Regardless, the factual allegations are insufficient to establish the requisite duty under either theory. Moreover, Defendants have never argued that the SEC may not plead theories in the alternative (Gov. Br. at 20) – they merely point out that they are incoherent in light of the alleged facts.

both a preexisting relationship and history of communications with one another" is insufficient to allege the requisite duty under the misappropriation theory.  Am. Compl.  ¶ 283.

Moreover, in the unusual case where, as here, the alleged source of confidential information is several levels removed from the original source, courts have emphasized that the information must have been maintained in confidence at each step of the tipping chain.  *See, e.g., Falcone*, 257 F.3d at 234 (court emphasized confidentiality policies at each level of publishing distribution chain); *Chestman*, 947 F.2d at 555 (court emphasized that president of family business admonished various family members to keep impeding acquisition secret).  The SEC is conspicuously silent on this point: there are no allegations that the unidentified insider, the Legend Capital employee, the Legend Holdings employee, or Mr. Ji promised to keep any information secret.  Indeed, there are no fiduciary-like relationships described at all, and therefore there is no basis to even begin to infer that such information would still be confidential at the time Mr. Ji allegedly disclosed it to Mr. Yin.  The Amended Complaint therefore fails to state a claim under the misappropriation theory.

### B.  The Amended Complaint Fails to State a Claim under the *Onyx* Framework

The SEC attempts to sidestep the fact that it cannot state a claim under either insider trading theory by urging the Court to sustain the Amended Complaint under the framework it set forth in *Onyx*.  However, the Amended Complaint fails for the same reasons – taken together, the allegations do not plausibly allege a scheme of insider trading.  The SEC first argues that it has identified "a person…who might have been the tipper" and "who had a pre-existing relationship with insiders to the DreamWorks deal."  Gov. Br. at 16.  As explained above, it is not sufficient for the SEC to merely identify an individual who has some connection to Mr. Yin and some hypothetical connection to DreamWorks, and then assume the rest.  Mr. Ji is not an insider, and is at best three levels removed from any source of confidential information.  Nor has the SEC

7

alleged any facts regarding communications between an insider and Mr. Ji or an insider and Mr. Yin.  Second, the fact that Mr. Yin and Mr. Ji had a "preexisting relationship" with each other does not satisfy this Court's requirement that the SEC allege that a defendant had a "preexisting relationship" with one of the *transacting parties*, and the SEC's attempt to conflate those relationships is disingenuous.  296 F.R.D. at 252 ("The SEC has not alleged a preexisting relationship between the Defendants and [the transacting parties] that might be a basis for inferring that a tip had been passed on.").  Third, the SEC's assertion that Mr. Yin and Mr. Ji "must have been" in communication during the relevant time period is purely speculative and entirely based on Mr. Ji's request that Mr. Yin manage his family account.  Finally, Mr. Yin's acquisition of DreamWorks stock is entirely consistent with his practice of speculative, high-volume trading.  That the SEC interprets such activity as "suspicious" is not enough to plausibly allege that Mr. Yin violated the securities laws in the absence of specific facts.

Instead, the Amended Complaint is plagued by the same inadequacies as the complaint this Court dismissed in *Onyx* and it should be dismissed for the same reasons.  The SEC has not pleaded facts that plausibly allege a consistent scheme whereby the same tipper fed confidential information to the same defendants in connection with multiple, unrelated transactions.  *See S.E.C. v. One of More Unknown Traders in the Sec. of Onyx Pharm., Inc.*, No. 13-cv-4645, 2014 WL 5026153, at *7 (S.D.N.Y. Sept. 29, 2014) ("*Onyx II*").  Because the SEC cannot make such allegations, the Court may not plausibly infer that the tipper received a personal benefit in exchange for his breach.  *See S.E.C. v. Jafar*, No. 13-CV-4645 (JPO), 2015 WL 3604228, at *6 (S.D.N.Y. June 8, 2015).  As a result, the SEC cannot "paint a comprehensible picture of insider trading": there is no overlap between any of the participants in the DreamWorks and Lattice transactions and no overlap in potential tippers.  Nor can the SEC plead any facts regarding the

8

remaining elements of the claim, including whether any alleged insider knowingly disclosed the confidential information, whether he received a benefit in exchange for doing so, and whether Mr. Yin had the requisite knowledge of such a breach. The only commonality is that Mr. Yin was successful in his trading.  Accordingly, the first claim for relief should be dismissed.

**III. The Amended Complaint Fails to State a Claim with Respect to Lattice**

The Amended Complaint also advances conclusory allegations in support of its assertion that Mr. Yin engaged in insider trading in connection with Lattice.  As with the DreamWorks transaction, the SEC has merely identified an individual with some connection to the merger, assumes that he must have tipped Mr. Yin, and asks the Court to infer the rest.  This approach is insufficient to state a claim and should be rejected.

Again, the Amended Complaint fails to allege the necessary elements of an insider trading claim under either the classical or misappropriation theories.  It fails to allege facts sufficient to establish a close relationship between Mr. Yin and the "Canyon Bridge Insider" from which the Court could infer that the insider received a benefit in exchange for the alleged disclosure.  That Mr. Yin and the purported insider were business acquaintances is not sufficient to infer that such a disclosure would constitute a "gift to a trading relative or friend" under *Salman* and *Dirks*, and therefore the Court cannot infer that the Canyon Bridge Insider breached a duty even if he did disclose information.  Moreover, the mere fact that Mr. Yin and the Canyon Bridge Insider discussed the semiconductor market and shared business advice is not enough to establish a personal benefit.  The Amended Complaint does not allege that the Canyon Bridge Insider disclosed the purportedly confidential information to Mr. Yin in exchange for the advice as part of a *quid pro quo* relationship – rather, it cites such communications as evidence that Mr. Yin knew the information was confidential.  Am. Compl. ¶ 292.  In the absence of any other

allegations regarding a benefit, the Amended Complaint fails to set forth a viable classical insider trading theory with respect to Lattice.  Nor has the SEC alleged any facts that would establish a duty of trust or confidence owed by Mr. Yin to the Canyon Bridge Insider under the misappropriation theory.  And in the absence of such a duty, the Amended Complaint cannot state a claim for misappropriation against Mr. Yin.  *See Falcone*, 257 F.3d at 234.

Finally, as with DreamWorks, the SEC cannot salvage its claim by characterizing Mr. Yin's conduct as "suspicious."  Profitable trading and speculation are not enough to state a claim under the law.  Because the Amended Complaint fails to plead facts sufficient to support any theory of insider trading with respect to Lattice, the second claim for relief should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Dated: August 18, 2017                    Respectfully submitted,

                                          WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation

                                          s/ Michael S. Sommer
                                          Michael S. Sommer
                                          Megan E. Wall-Wolff
                                          1301 Avenue of the Americas, 40th Floor
                                          New York, New York 10019
                                          Telephone:  (212) 999-5800
                                          Facsimile:  (212) 999-5899
                                          msommer@wsgr.com
                                          mwallwolff@wsgr.com

                                          *Counsel for Defendant Shaohua Michael Yin and Relief Defendants Lizhao Su, Zhiqing Yin, Jun Qin, Yan Zhou, and Bei Xie*