UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

                  -v-

SHAOHUA (MICHAEL) YIN, *et al.*,
                      Defendants.

17-CV-972 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

    Defendants in this insider trading case seek partial reconsideration of this Court's denial of their motion to dismiss. *See SEC v. Yin*, No. 17 Civ. 972, 2018 WL 1582649 (S.D.N.Y. Mar. 27, 2018). Defendants argue that reconsideration is needed in order to "correct a clear error or prevent manifest injustice." *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Familiarity with the facts and with this Court's prior opinion is presumed.

    Defendants' motion focuses on one element of the SEC's insider trading claim: breach of duty. Specifically, Defendants argue that the Complaint inadequately pleaded this element and that the Court should have dismissed the DreamWorks allegations on that basis. But while Defendants are correct that the Complaint's breach-of-duty allegations are sparse, the Court has already concluded that those allegations are enough to withstand a motion to dismiss. That conclusion still stands.

    First, Defendants are incorrect in asserting that the Complaint completely omits any allegations of breach of duty. The Complaint has several allegations that whoever tipped Defendant Michael Yin did so in breach of a duty and that Yin knew or should have known about it. (*See* Dkt. No. 32 at ¶¶ 285–91.) And though the SEC would have been better off had it

1

specifically alleged that Yin (or the person who tipped Yin) got the information from an insider, this omission can be easily cured by adding a few words to that effect, and does not warrant dismissal. *See Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC*, No. 02 Civ. 767, 2004 WL 2754653, at *11 (S.D.N.Y. Dec. 2, 2004) (holding that failure to include "magic words" does not warrant dismissal, because the pleading contained "an abundance of specific factual allegations in support of [the] claim").

Second, Defendants have already conceded that the SEC does not have to identify the tipper or plead the precise facts and circumstances of the tip. In their reply brief for the original motion to dismiss, Defendants wrote:

> Defendants do not argue that the SEC is required to plead the precise facts and circumstances of the alleged tips with particularity, nor do they argue that the Amended Complaint must fail simply because the SEC cannot identify a tipper. Rather, the problem is that the SEC's theory is so attenuated that it cannot allege facts sufficient to plead the key elements of insider trading under any of the cognizable theories.

(Dkt. No. 42 at 3 (citation omitted).) And since the Court has already concluded that the tipping chain was not too attenuated, Defendants cannot now retract their earlier concession.

Finally, it is worth reiterating that in order to prevail in this case, the SEC will have to produce far more detailed allegations, backed up by evidence, covering every element of its insider trading claims. The Complaint is indeed short on some key details. But given the suspicious nature of the alleged trades, as well as the other details discussed in this Court's prior opinion, the SEC has met the "relaxed" pleading standard by "plead[ing] a belief about the content and circumstances of the tip, coupled with particular facts supporting that belief." *S.E.C. v. One of More Unknown Traders in Sec. of Onyx Pharmaceuticals, Inc.*, 296 F.R.D. 241, 248 (S.D.N.Y. 2013).

2

Accordingly, the motion for reconsideration is DENIED. The Clerk of Court is directed to close the motion at Docket Number 49. Defendants shall file an answer within 14 days from the date of this order.

SO ORDERED.

Dated: May 14, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge