UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,
                       Plaintiff,

                -v-

SHAOHUA MICHAEL YIN *et al.*,
                       Defendants.

17-CV-972 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On April 19, 2021, the Securities and Exchange Commission ("SEC") filed a letter motion requesting a conference to discuss the allocation of special master fees in this case. (Dkt. No. 240.) In the letter, as well as at the ensuing conference, the SEC requested that the fees be assessed against Defendant Shaohua Michael Yin, whose deletion of files off his work computer and subsequent loss of those files on his personal computer created the need for the special master. (*Id.*; Dkt. No. 254 at 14:14–21.) The government proposed that this allocation of fees would be appropriate pursuant to Federal Rule of Civil Procedure 53(g)(2)(A), which permits the Court to order "a party or parties" to pay special master fees, or Rule 54(d)(1), which provides that "costs . . . should be allowed to the prevailing party." Yin disputes whether Rules 53(g)(2)(A) and 54(d)(1) permit the Court to allocate special master fees to him, in view of his default and the procedural posture of the case. (Dkt. No. 253.)

Although the SEC characterizes Yin's arguments in opposition to its preferred allocation of fees as "specious," the Court does not find the matter so clear-cut. (Dkt. No. 257 at 2.) Rule 53(g)(2)(A) permits the allocation of fees only to "a party or parties." *See In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 610 (D. Del. 2008) (reasoning that non-parties cannot be assessed special master fees under Rule 53, even if they engage in

1

vexatious discovery conduct). Courts have split on whether "the argument for treating a defaulting defendant as a non-party is the stronger one." *Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wis. 2004) ("[A] defaulting defendant loses many of the rights of a party . . . [and] it would not seem fair to force such [a] defendant to participate in an action to a greater degree than could be required of other non-parties."); *but see Williams v. NRS Billing Servs., LLC*, No. 16-cv-75, 2016 U.S. Dist. LEXIS 98101 (W.D.N.Y. July 27, 2016) ("Rule 55, which governs defaults, refers to a defaulting party as just that: a 'party.'"). Furthermore, Rule 54(d)(1) does not apply when "a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise." Ostensibly, Rule 53(g)(3), which dictates that courts must consider an array of equitable factors before allocating special master fees to a party, provides otherwise. *But see United States v. Yonkers Bd. Of Educ.*, 108 F.R.D. 199, 203 (S.D.N.Y. 1985). The SEC may have the better of the argument here because Yin's conduct necessitating a special master took place *before* he defaulted, when he was clearly a party, while cases like *Blazek* involved parties who defaulted by not answering the complaint.

In any event, the Court need not resolve these issues to determine, at least on an interim basis, how to compensate the special master. Rule 53(g)(2)(B) permits district courts to compensate a special master "from a fund . . . within the court's control," as an alternative to allocating payment among the parties. Here, the Court has control over the frozen accounts listed in the Court's March 23, 2017 Order. (Dkt. No. 27.) The Court determines that the special master shall be compensated, on an interim basis, from the frozen accounts in this case. In deciding that the special master will be compensated from these accounts, the Court avoids the prospect that Yin, if allocated fees, will simply decline to pay. (Dkt. No. 253 (suggesting that an

2

allocation of fees to Yin "could be but a pyrrhic victory")).  The Court's interim decision is subject to amendment after a decision on the merits.

SO ORDERED.

Dated: May 26, 2021
       New York, New York

                                                J. PAUL OETKEN
                                       United States District Judge