UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SHAOHUA (MICHAEL) YIN and BENJAMIN BIN CHOW,<br><br>Defendants, and<br><br>LIZHAO SU, ZHIQING YIN, JUN QIN, YAN ZHOU, BEI XIE, and CHAOFENG JI,<br><br>Relief Defendants. | Case No. 1:17-cv-00972-JPO<br><br>ECF CASE<br><br>**Order of Appointment of Special Master Joshua Larocca pursuant to Rule 53** |

This Proposed Order of Appointment of Special Master Joshua Larocca pursuant to Rule 53 (the "Order") is jointly submitted by Plaintiff Securities and Exchange Commission ("SEC") and Defendant Shaohua (Michael) Yin ("Defendant" or "Yin;" together with the SEC and Relief Defendants, the "Parties") in accordance with the Court's order at the hearing held on May 27, 2021, and Fed. R. Civ. P. 53(b).

This matter came before the Court upon motion of the SEC, and this appointment is made pursuant to the Court's orders at ECF 223, 229, 258, and as ordered by the Court at the hearing held on May 27, 2021. The Court hereby ORDERS as follows:

**I.  Appointment**

1.  Joshua J. Larocca of Stroz Friedberg is appointed as the Special Master ("Special Master") for purposes of carrying out the work set forth in this Court's Order of November 19, 2020 (ECF 223 at 7-8). The specific manner of that work is set forth below.

2.  The Special Master shall be invested with all of the authority of Federal Rule of Civil Procedure 53 to complete the work for which he has been appointed and shall proceed with all reasonable diligence.

**II.  Definitions**

3.  For purposes of this Order, the following definitions apply.

1

a. The "Work Laptop Drive" is the image contained on the drive identified as "Apricorn Padlock Fortress HDD, A25-3PL256-S512F, SN: 104600000464" in Exhibit 2 to the Declaration of Michael Bandemer (ECF 158) at page 25.

b. "Deleted Files" are files and folders deleted from the Work Laptop Drive from February 3, 2017, through February 13, 2017.

c. The "Personal Laptop Drive" is the drive identified as Name: Personal Laptop, T&M Evidence ID: YIN-01-01-002, Manufacturer: Intel, Model: SSDSA2M160G2LE, and Serial Number: CVPO111601GM160AGN in the T&M Report (ECF 193) at 3.

d. The "Portable Drive" is the drive identified as T&M Evidence ID: YIN-01-01-004, Manufacturer: Samsung, Model: Portable SSD T3 in the T&M Report (ECF 193) at 3.

e. "Transferred Files" are any Deleted Files which were transferred to the Personal Laptop Drive, the Portable Drive, or any subsequently discovered devices or accounts believed to contain such Transferred Files ("Additional Sources").

f. "Responsive Files" are any Transferred Files that contain information that (a) materially pertains to one or more of the following topics: (i) trading in the securities of DreamWorks Animation Corp. (ticker: DWA) or Lattice Semiconductor Corporation (ticker: LSCC), (ii) the source and ownership of funds held in the Interactive Brokers Accounts frozen pursuant to the Court's preliminary injunction Order (ECF No. 27), and/or (iii) the subject of the Special Master's work under this Order; and/or (b) is otherwise responsive to any of the following requests for production contained in Exhibits B-D to this Order: nos. 1, 2, 11, 12 (as to DWA or LSCC only), 13-15, 25-29, 30 (as modified in Exhibit E), and 32-47.

g. Together, the Work Laptop Drive, Personal Laptop Drive, and any Additional Sources shall be referred to as the "Electronic Media."

### III. Scope of Work

#### A. Special Master's Initial Report and Fee Estimate

4. As soon as is reasonably practicable, and no later thirty (30) days following the entry of this Order, the Special Master shall serve on the Parties via email a report ("Initial Report") containing an estimate of the time and expense necessary to complete the work under this Order (the "Estimate") as described in subparagraph a of this paragraph 4.

    a. The Estimate shall include all costs related to the preparation of the Initial Report and the completion of the work as described in ¶¶ 8-18 with respect to the Work Laptop Drive, Personal Laptop Drive, Portable Drive, and Additional Sources as they are identified for review (such costs being "Within

the Scope of the Estimate"). The Estimate shall not be limited to only the Special Master's professional fees, but shall also include estimated expenses likely to be incurred in serving as Special Master and the estimated cost of engaging any third parties the Special Master may require to complete the work Within the Scope of the Estimate.

    b. The Estimate shall <u>not</u> include any costs related to disputes with the Parties over the existence, collection, or review of any Additional Sources, disputes regarding the responsiveness of any document, or any other disputes related to the Order (such costs being "Outside the Scope of the Estimate").

5. To the extent the Special Master determines that the time or expense necessary to complete the work under this Order exceeds the Estimate in the most recently filed Initial Report (for example, if he identifies Additional Sources for review), he shall promptly serve on the Parties by email a revised Initial Report setting forth his revised Estimate with a brief explanation of the reason for the revision.

6. If, within three (3) business days of receipt of the Initial Report or a revised Initial Report no party raises any objection to the Estimate contained therein, the Estimate will be deemed accepted by the parties and the Special Master shall file the Initial Report or revised Initial Report with the Court. However, if any party objects to the estimate, such party shall notify the other parties and the Special Master within the three (3) business day period and thereafter promptly engage with the Special Master to seek to have the Special Master agree to modify the Estimate to include a fee cap, discount or other arrangement with respect to fees Within the Scope of the Estimate. If an agreement to modify the fee portion of the Estimate is reached between all parties and the Special Master, the Special Master shall then file the Initial Report or Revised Initial Report as modified with the Court. If no agreement is reached, the Initial Report or revised Initial Report shall not be filed with the Court and the Parties shall request a prompt conference.

### B. Provision of Materials to the Special Master

7. Within one week of the entry of this Order, counsel to the SEC shall provide the Special Master with the Work Laptop Drive in the manner set forth by the Special Master, and counsel to Defendant shall provide the Special Master with the Personal Laptop Drive and the Portable Drive in the manner set forth by the Special Master.

### C. Forensic Analysis of the Personal Laptop Drive

8. Upon the filing of the Initial Report, the Special Master shall attempt to determine "the nature of the failure that caused the personal computer to be inoperable as represented by the defense in summer 2019." ECF 223 at 8.

### D. Deleted Files Review

9. Upon the filing of the Initial Report, the Special Master shall review the Work Laptop Drive and identify any Deleted Files. Upon the filing of a revised Initial Report, the

Special Master shall review the Additional Sources identified in that revised Initial Report.

10. The Special Master shall undertake a good faith effort to identify and recover as many Transferred Files as can be found on the Personal Laptop Drive and the Portable Drive.

    a. If, in the course of the review described in ¶¶ 9 and 10, the Special Master determines that there is a reasonable basis to believe that Deleted Files were transferred to Additional Sources, he shall immediately alert the Parties who shall undertake an effort to determine if such Additional Sources are available for review and analysis. If such Additional Sources are available, they shall be provided to the Special Master who will then seek to identify any such Transferred Files on those Additional Sources. Any Additional Sources, whether or not collected, shall be documented in the Special Master's report on the facts and circumstances of Yin's claimed file transfer (*see* ¶ 17).

11. Following identification and recovery of Transferred Files, the Special Master shall populate a document review database with all Transferred Files.

12. The Special Master shall identify those Transferred Files that result from the use of a set of search terms listed in Exhibit A to this Order, plus their family members (together, the "Review Set Files"). The search terms shall be applied in a manner to capture all reasonable variations on the search terms (*e.g.*, singular and plural form, with and without possessives). The Special Master shall not review Transferred Files that are not Review Set Files unless he has reason to believe that they may also be Responsive Files.

13. The Special Master shall review the Review Set Files and identify any Responsive Files.

14. The Special Master shall produce the Responsive Files, plus their families, to Defendant Yin's counsel. Defendant's counsel shall review those files for privileges held by Defendant Yin, make any redactions of privileged documents containing some privileged information, produce a privilege log containing the information required by Federal Rule of Civil Procedure 26(b)(5)(A) to the SEC and to the Special Master, and produce the redacted files back to the Special Master.

15. To the extent Defendant objects to the responsiveness of one or more of the Responsive Files produced to Defendant under ¶ 13 he shall identify those documents on a log provided to the Special Master (the "Responsiveness Disputes Log") containing metadata for each document that would be included on a privilege log. The Special Master shall augment the Responsiveness Disputes Log to state the topics and/or requests to which each document is Responsive and the basis for his determination, and produce the Responsiveness Disputes Log back to Defendant. If, upon review of the updated Responsiveness Disputes Log, Defendant continues to object to the responsiveness of one or more documents, Defendant shall produce the Responsiveness Disputes Log, containing entries for all disputed documents, to the SEC, and the Parties and the Special Master shall discuss the documents subject to dispute in a good faith effort to resolve any

4

such objection. To the extent Defendant's objections are not resolved, the matter shall be raised with the Court prior to the objected to item being produced to the SEC.

16. The Special Master shall then produce the Responsive Files, and their families, to the SEC, except that documents designated as privileged-redacted shall be produced to the SEC with the redactions made by Defendant's counsel, and documents designated as privileged-withhold or which appear on the Responsiveness Disputes Log and have not been resolved shall not be produced to the SEC. Nothing in this Order shall limit a party's ability to challenge a privilege designation and related withholding and/or redaction of documents.

### E. Special Master's Final Report

17. The Special Master shall examine the Electronic Media to the extent necessary to prepare a report ("Final Report") on the following:

    a. The facts and circumstance of Defendant's preservation of the Deleted Files, including the transfer of those files to the Personal Laptop Drive or any Additional Sources (to be identified by the Special Master to the extent possible), and the subsequent preservation, alteration, or deletion of those files; and

    b. The nature of the failure that caused the Personal Laptop Drive to be inoperable as represented by Defendant's counsel in summer 2019.

18. The Special Master shall file the Final Report and promptly serve a copy on each party.

## IV. Special Master's Compensation

19. Pursuant to the Court's order dated May 26, 2021 (ECF 258), the Special Master shall be compensated from the accounts subject to the preliminary injunction order (ECF 27). Each account shall contribute in proportion to its balance at the time of this Order.

    a. The Interactive Brokers LLC account ending in UXXX9828 in the name of Relief Defendant Su shall provide 43% of the Special Master's fees.

    b. The Interactive Brokers LLC account ending in UXXX9198 in the name of Relief Defendant Z. Yin shall provide 44% of the Special Master's fees.

    c. The Interactive Brokers LLC account ending in UXXX8920 in the name of Relief Defendant Qin shall provide 8% of the Special Master's fees.

    d. The Interactive Brokers LLC account ending in UXXX1566 in the name of Relief Defendant Zhou shall provide 3% of the Special Master's fees.

    e. The Interactive Brokers LLC account ending in UXXX3862 in the name of Relief Defendant Xie shall provide 2% of the Special Master's fees.

20. The Special Master shall establish an escrow account (the "Escrow Account"). Upon filing of an Initial Report (*i.e.*, after the resolution of any objections to the Estimate) the Parties shall jointly prepare a Proposed Order directing the release of sufficient funds from the above-listed accounts (in the proportions listed above) to compensate the Special Master for the entirety the Estimate, and directing such funds to the Escrow Account. Upon the filing of any subsequent Initial Reports, the Parties shall jointly prepare a Proposed Order directing the release of sufficient additional funds from the above-listed accounts (in the proportions listed above) to compensate the Special Master for the entirety the Estimate, and directing such funds to the Escrow Account. The Special Master shall submit monthly invoices to be paid from the Escrow Account. Any funds remaining in the Escrow Account at the conclusion of the Special Master's work shall be promptly returned to the accounts from which it was withdrawn in appropriate proportions.

21. For work Within the Scope of the Estimate, the Special Master shall be compensated as described in the relevant Initial Reports filed with the Court (*i.e.*, following the resolution of any objection(s) to the Estimate).

22. For work Outside the Scope of the Estimate, the Special Master shall be compensated as follows: The Special Master shall be compensated at the hourly rate of $688 for work he conducts. The Special Master shall be compensated for the expenses he reasonably incurs in connection with serving as Special Master in this matter. The Special Master may also work with others at his firm, or contract with outside vendors, and shall bill for their work at their ordinary rates.

23. After each month that the Special Master has provided services and/or incurred expenses Outside the Scope of the Estimate, the Special Master shall file (i) a statement setting forth the rates of service providers, time spent by each service provider on services Outside the Scope of the Estimate, the service provided, and expenses Outside the Scope of the Estimate incurred during that previous month, and (ii) a proposed order to modify the preliminary injunction order (ECF 27) directing payment to the Special Master of the amount of fees and expenses set forth in the statement and setting forth the amount to be paid from each account subject to the preliminary injunction order.

24. The allocation of the Special Master's fees pursuant to the Court's order dated May 26, 2021 (ECF 258) is subject to amendment after a decision on the merits in this matter.

**V.    Communication, Disputes, and Modification**

25. No party shall communicate *ex parte* with the Special Master. Communication with the Special Master can be initiated by sending an email, copying counsel to all parties.

26. The Special Master will adjudicate disputes or disagreements, if any, concerning the interpretation of this Order, subject to the supervision of and review by the Court.

27. Any disputes related to this Order which any of the Parties wish to raise with the Court shall be raised in the manner provided for discovery disputes in the Court's Individual Rules and Practices in Civil Cases.

28. This Order may not be modified except by further order of this Court, *provided however* that the Special Master or any Party may recommend modification of this Order at any time.

SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

Dated: July 2, 2021
New York, New York

Counsel for the Parties:

    Amy J. Longo
    longoa@sec.gov
    Gary Y. Leung
    leungg@sec.gov
    Daniel O. Blau
    blaud@sec.gov
    Jasmine M. Starr
    starrja@sec.gov
    Securities and Exchange Commission
    Los Angeles Regional Office
    444 South Flower Street, 9th Floor
    Los Angeles, CA 90071
    Tel: (323) 965-3835

    *Counsel for Plaintiff Securities and Exchange Commission*

    Michael S. Sommer
    msommer@wsgr.com
    Eli B. Richlin
    erichlin@wsgr.com
    WILSON SONSINI GOODRICH & ROSATI, P.C.
    1301 Avenue of the Americas, 40th Floor
    New York, New York 10019
    Tel: (212) 999-5800

    *Counsel for Defendant Shaohua (Michael) Yin and Relief Defendants Lizhao Su, Zhiqing Yin, Jun Qin, and Bei Xie*

    Roland G. Riopelle

rriopelle@sercarzandriopelle.com
SERCARZ & RIOPELLE, LLP
950 Third Avenue, 32nd Floor
New York, New York 10022
Tel: (212) 586-4900

*Counsel for Relief Defendant Yan Zhou*

# CERTIFICATE OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 30, 2021, I caused to be served the document entitled **[PROPOSED] ORDER OF APPOINTMENT OF SPECIAL MASTER JOSHUA LAROCCA PURSUANT TO RULE 53** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 30, 2021        */s/ Sarah Mitchell*
                                                      SARAH MITCHELL

**SEC v. SHAOHUA (MICHAEL) YIN, et al.**
**United States District Court—Southern District of New York**
**Case No. 1:17-cv-00972-JPO**

**SERVICE LIST**

Michael Sommer (via ECF)
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Phone: (212) 497-7728
Email: msommer@wsgr.com
*Counsel for Defendant Shaohua (Michael) Yin and Relief Defendants Jun Qin, Lizhao Su, Bei Xie, and Zhiqing Yin*

Roland G. Riopelle (via ECF)
Sercarz & Riopelle, LLP
950 Third Avenue, 32nd Floor
New York, New York 10022
Tel: (212) 586-4900
Email: rriopelle@sercarzandriopelle.com
*Counsel for Relief Defendant Yan Zhou*