UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

SHAOHUA (MICHAEL) YIN and BENJAMIN BIN CHOW,

Defendants, and

LIZHAO SU, ZHIQING YIN, JUN QIN, YAN ZHOU, BEI XIE, and CHAOFENG JI,

Relief Defendants.

Case No.: 1:17-cv-00972-JPO

---

**DECLARATION OF MICHAEL S. SOMMER IN SUPPORT OF RELIEF DEFENDANTS LIZHAO SU, ZHIQING YIN, JUN QIN, AND BEI XIE'S MOTION FOR SUMMARY JUDGMENT AS TO DREAMWORKS**

I, Michael S. Sommer, hereby declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in the firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel to Defendant Shaohua Yin and Relief Defendants Lizhao Su, Zhiqing Yin, Jun Qin and Bei Xie in the above-captioned action, and a member of the bar of this Court. I submit this declaration in support of Relief Defendants Su, Z. Yin, Qin, and Xie's Motion for Summary Judgment as to DreamWorks. I have personal knowledge of the facts set forth herein, and if called as a witness I could and would testify competently thereto.

**Mr. Yin's Indictment and Circumstances Surrounding his Scheduled Deposition**

2. On or about July 17, 2018, prosecutors at the U.S. Attorney's Office for the Southern District of New York sent me a copy of an indictment charging Shaohua Yin with

insider trading in the securities of Lattice Semiconductor Corporation.  The indictment does not charge Mr. Yin with insider trading in DreamWorks or suggest in any way that Mr. Yin engaged in insider trading in the securities of DreamWorks.

3.      Depositions of Mr. Yin and the Relief Defendants were scheduled for October 2019 in Taiwan.  Just days before I was scheduled to depart for Taiwan, SEC counsel contacted me asking for Mr. Yin's arriving flight and passport information.  When I asked why this information was needed by the SEC, SEC counsel refused to give a reason for making the requests.  When I then inquired if the SEC had contacted the Department of Justice regarding the date, time, and location of Mr. Yin's deposition, and if it expected Mr. Yin to be arrested in advance of his deposition, SEC counsel confirmed that the SEC had contacted DOJ representatives but would not comment further.  When I then inquired if the SEC would ask DOJ to grant Mr. Yin safe passage to appear at his deposition, the SEC declined to make any such request.  Instead, I was advised to raise that request with the Assistant United States Attorney in the Southern District of New York who was responsible for the criminal prosecution of Mr. Yin.  When I then contacted that prosecutor, he refused to agree to give Mr. Yin safe passage for his deposition in Taiwan.

4.      As a former Assistant United States Attorney in the Securities and Commodities Frauds Unit of the Criminal Division for the Southern District of New York, it was clear to me from the above conversations that plans were in the works to arrest Mr. Yin in advance of his deposition in connection with the charge that he had engaged in insider trading in the securities of Lattice.  It was also especially clear to me that the SEC wanted Mr. Yin to know of those efforts. Such an arrest would have undoubtedly led to a lengthy period of detention for Mr. Yin before the merits of the Lattice criminal case were determined.

5.  I concluded from the above that the SEC did not want Mr. Yin to appear to testify at his deposition – there was no other reasonable explanation for the SEC reaching out to me and asking questions that made it clear that efforts to arrest Mr. Yin were in process. And I further concluded that the reason the SEC did not want Mr. Yin to appear was because the SEC had found no evidence to support its civil claim that Mr. Yin had engaged in insider trading in the securities of DreamWorks, and it was trying to orchestrate a scenario whereby it could try to get a default against him should he then not appear for his deposition.

**The Special Master's Findings**

6.  In email correspondence and phone conferences including both the Special Master and the SEC, the Special Master has stated, in some and substance, that he identified 237 responsive documents on the additional electronic devices that Mr. Yin had voluntarily provided to the Special Master. Lawyers at my firm reviewed those documents for privilege and did not assert privilege with respect to any of the 237 documents. Accordingly, all 237 documents were produced to the SEC.

7.  Review of the 237 documents produced to the SEC confirms that, of those 237 documents, 159 had previously been produced either by the SEC to defendants, or by defendants to the SEC. Review of the 78 newly identified documents shows that they do not contain material information not previously available to the SEC.

8.  The Special Master has stated, in sum and substance, that his final report will also confirm that he found no evidence that Mr. Yin took any affirmative steps to cause his personal laptop to stop working.

9.  Attorneys at my firm compared the list of documents that the Special Master was able to recover to the initial list of documents that the SEC identified as potentially relevant in

the Declaration of Michael Bandemer dated November 22, 2019 (ECF No. 158). The results of the comparison are that the Special Master located all but 20 of the 1,228 files that the SEC viewed as possibly relevant.

**The SEC's Failure to Pursue Discovery**

10. Attorneys at my firm reviewed the forensic image of the cell phone seized from Mr. Yin pursuant to a search warrant in February 2017. That review did not identify any documents materially bearing on trading in the securities of DreamWorks. The SEC, likewise, has never identified any document found on Mr. Yin's phone that supports its theory of insider trading in DreamWorks in any way.

11. Since the depositions of the Relief Defendants in October 2019, the SEC has not noticed any further depositions of any party or non-party, nor has the SEC noticed service of any additional subpoenas on any party or non-party.

Dated: February 7, 2022                    *s/ Michael S. Sommer*
                                            Michael S. Sommer