

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
444 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CA 90071

LOS ANGELES
REGIONAL OFFICE

February 9, 2023

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Securities and Exchange Commission v. Yin, et al.*, Case No. 1:17-cv-972-JPO

Dear Judge Oetken:

We respectfully submit this letter in response to Defendants' letter dated February 7, 2023 (ECF 362, "Defendants' Letter"), and to make a request for oral argument in connection with the SEC's Motion for Judgment (ECF 313). Defendants' Letter, though brief, contains two fundamental errors and one telling assertion, all of which betray the speciousness of their position.

**Defendant's Letter**

Defendants are incorrect that "[a] decision on [Defendants' Motion for Partial Summary Judgment ("Partial Motion")] would greatly assist the parties in trying to resolve the entire case." Without a determination of asset ownership, a decision on Defendant's Partial Motion would have *no impact* on the action. That is, even if the Partial Motion were to be granted, the frozen funds would remain frozen, in their entirety, pending a determination of whether the nominee accounts can be used to satisfy a judgment against Yin. Upon such a finding, the funds would be liquidated to satisfy the judgment sought by the SEC. The gating issue thus remains Yin's control of the frozen brokerage accounts.

Defendants' second error is characterizing Defendants' Partial Motion as "turn[ing] on the legal issue of whether the default of Defendant Yin operates to bar the remaining [relief] defendants from challenging the merits of the SEC's claim that there was insider trading in the securities of Dreamworks[,]" The actual legal issue to which they are referring is whether Yin's default as a sanction for his discovery misconduct satisfies the relevant elements of the claims for equitable disgorgement against relief defendants. In prior briefing, the SEC detailed numerous bases on which such a finding could be made. In addition to the principles of collateral estoppel, such a finding could also be based on

principles of equity or on imputation to the relief defendants of the consequences of Yin's deliberate, and carefully orchestrated, violation of this Court's discovery orders. In short, Yin's sanctions-based default on claims of insider trading satisfies the "ill-gotten" element of the equitable disgorgement claims against Relief Defendants. Furthermore, Defendants' Partial Motion should also be rejected on grounds outside the false binary Defendants try to force. First, as previously discussed, even if granted, the Partial Motion would no effect on the litigation. Second, there is ample circumstantial evidence establishing the elements of insider trading in DreamWorks.

Defendants' Letter makes one assertion that only serves to underscore the vacuity of their position on ownership of the frozen funds. Defendants note "[t]his case has now been pending for six years, during which time substantially all of Relief Defendants' assets have been restrained by this Court." But Yin and Relief Defendants stipulated to a preliminary injunction entered March 23, 2017. ECF 27. Defendants waited nearly three years, until November 2019, to move to modify the asset freeze, which this Court denied outright. *SEC v. Shaohua Yin* ("*Yin III*"), No. 17-CV-972 (JPO), 2020 WL 6801915, at *7 (S.D.N.Y. Nov. 19, 2020). Defendants' timing raises questions as to why they waited so long to move to modify the asset freeze if the assets really belong to Relief Defendants, and how they have supported themselves for nearly six years if the frozen assets genuinely represent "substantially" all of their assets. As far back as 2017, Relief Defendants submitted declarations asserting that they had virtually no assets aside from the frozen nominee accounts and minimal income. ECF 160-10. So how have the five Relief Defendants, with what they represent to be substantially all of their money restrained for six years, supported themselves? The answer is that the money is not and never was theirs, and thus they have been able to live without it for six years.[1] Defendants' position is yet another illustration that they are all part of joint defense, with Yin, represented by common counsel, for the single and uniform purpose of allowing Yin to defy this Court's discovery orders and to retain the profits from his insider trading.

**Request for Hearing on Motion for Judgment**

Unlike Defendant's Partial Motion, the decision on the SEC's Motion for Judgment will move this case to its resolution. The SEC's Motion for Judgment tees up the key issue of the ownership of the frozen assets. To that end, we respectfully request a hearing on the SEC's Motion for Judgment to be held in person on March 8, 9, or 10, 2023, or at some other time that is convenient for the Court.

Respectfully submitted,

*/s/ Daniel O. Blau*
Daniel O. Blau
Donald W. Searles

---

[1] Defendants' assertion also elides the fact that Relief Defendant Qin admitted that the frozen account in his name does *not* contain his money. ECF 160 at 126-28, 132, 134-35, 140. Thus, it is beyond contest that not "all of Relief Defendants' assets have been restrained."

                                              Gary Y. Leung
                                              Jasmine M. Starr
                                              *Counsel for the SEC*

cc:     All counsel of record by ECF