UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>  vs.<br><br>SHAOHUA (MICHAEL) YIN and BENJAMIN BIN CHOW,<br><br>           Defendants, and<br><br>LIZHAO SU, ZHIQING YIN, JUN QIN, YAN ZHOU, BEI XIE, and CHAOFENG JI,<br><br>           Relief Defendants. | Case No. 1:17-cv-00972-JPO<br><br>**CONSENT AND FINAL JUDGMENT AS TO DEFENDANT SHAOHUA (MICHAEL) YIN** |

1. Defendant SHAOHUA (MICHAEL) YIN ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by, among other things: (i) buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of buying or selling any security;

    (b) orders Defendant to pay civil penalty in the amount $39,500,000.00 under Section 21A of the Exchange Act, 15 U.S.C. § 78u-1;

    (c) orders that within 3 days of being served with a copy of the Final Judgment, Interactive Brokers LLC shall sell any remaining securities in the accounts of Relief Defendants at prevailing market prices, convert all currencies held in those accounts to U.S. dollars, and thereafter simultaneously transfer all cash amounts from the accounts in the names

of the Relief Defendants which were frozen pursuant to an Order of this Court as follows:

i. <u>To Plaintiff Securities and Exchange Commission</u>:

| Name on Account | Acct.# Ending In | Amount to be Transferred to the SEC |
|---|---|---|
| Lizhao Su | UXXX9828 | $16,123,177.98 |
| Zhiqing. Yin | UXXX9198 | $16,671,910.85 |
| Yun Qin | UXXX8920 | $4,894,881.81 |
| Bei Xie | UXXX3862 | $810,029.36 |
| Yan Zhao | UXXX1566 | $1,000,000.00 |

ii. <u>To Relief Defendants Lizhao Su, Zhiqing Yin, Jun Qin, Bei Xie, and Yan Zhou</u>:

   a. the remaining amounts in the accounts in the names of the Relief Defendant Su (ending in UXXX9828); Relief Defendant Zhiqing Yin (ending in UXXX9198); Relief Defendant Qin (ending in UXXX8920), Relief Defendant Xie (ending in UXXX3862), other than the amounts set for in paragraph 2(c)(i) above, to the law firm of Wilson Sonsini Goodrich & Rosati, attorneys for those Relief Defendants;

   b. the remaining amounts in the account of Relief Defendant Zhou (ending in UXXX1566), other than the amounts set forth below in paragraph 2(c)(i) above, shall be transferred to the

      law firm of Sercarz & Riopelle, attorneys for Relief Defendant Zhou;

(d) orders that the preliminary injunction entered in the Court's March 23, 2017 Order (Dkt. No 27) imposing an asset freeze over the accounts in the names of Relief Defendant Su (ending in UXXX9828); Relief Defendant Zhiqing Yin (ending in UXXX9198); Relief Defendant Qin (ending in UXXX8920), Relief Defendant Xie (ending in UXXX3862), and Relief Defendant Zhou (ending in UXXX1566) shall be modified for the sole purpose of permitting Interactive Brokers LLC to sell any remaining securities in the accounts of Relief Defendants at prevailing market prices and to make the simultaneous transfers specified in paragraphs 2(c)(i) and (ii) above. Following the completion of those transfers, the asset freeze over the accounts in the names of Relief Defendant Su (ending in UXXX9828); Relief Defendant Z. Yin (ending in UXXX9198); Relief Defendant Qin (ending in UXXX8920), Relief Defendant Xie (ending in UXXX3862), and Relief Defendant Zho (ending in UXXX1566) shall be lifted and vacated.

(e) order and finds that the funds to be transferred to the SEC pursuant to Section IV.A of the Final Judgment represent the proceeds from Defendant Yin's trading in Lattice and Dreamworks in the accounts of the Relief Defendants; and

(f) orders and finds that that the remaining funds to be transferred to the Relief Defendants pursuant to Section IV.B of the Final Judgment belong

to and are the separate property of the Relief Defendants, to which they have a legitimate claim.

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii)

CONSENT OF DEFENDANT SHAOHUA (MICHAEL) YIN

right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 2024. 7. 15

_____
Shaohua (Michael) Yin

On July 15, 2024, Shaohua Yin appeared before me and acknowledged executing the foregoing Consent.

_____
Can Yin, Attorney
Witness

CONSENT OF DEFENDANT SHAOHUA (MICHAEL) YIN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SHAOHUA (MICHAEL) YIN and BENJAMIN BIN CHOW,<br><br>Defendants, and<br><br>LIZHAO SU, ZHIQING YIN, JUN QIN, YAN ZHOU, BEI XIE,<br><br>Relief Defendants. | Case No. 1:17-cv-00972-JPO |

**FINAL JUDGMENT AS TO DEFENDANT SHAOHUA (MICHAEL) YIN**

The Securities and Exchange Commission having filed a Complaint and Defendant Shaohua (Michael) Yin ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the

mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, among other things: (i) buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of buying or selling any security.

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

      .

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $39,500,000.00 to the Securities and Exchange Commission pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 3 days of being served with a copy of the Final Judgment, Interactive Brokers LLC shall sell any remaining securities in the accounts of Relief Defendants at prevailing market prices and convert all currencies held in those accounts to U.S. dollars.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that after transacting the sales and currency conversions ordered in Section III *supra*, Interactive Brokers LLC shall simultaneously transfer the following amounts from the accounts in the names of the Relief Defendants as follows:

A.  <u>To Plaintiff Securities and Exchange Commission</u>:  Interactive Brokers LLC shall transfer the following amounts to Plaintiff Securities and Exchange Commission:

| Name on Account | Acct. # Ending In | Amount to be Transferred to the SEC |
|---|---|---|
| Lizhao Su | UXXX9828 | $16,123,177.98 |
| Zhiqing. Yin | UXXX9198 | $16,671,910.85 |
| Jun Qin | UXXX8920 | $4,894,881.81 |
| Bei Xie | UXXX3862 | $810,029.36 |
| Yan Zhou | UXXX1566 | $1,000,000.00 |

Interactive Brokers LLC may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions to Interactive Brokers LLC.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Interactive Brokers LLC also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Interactive Brokers LLC shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Yin relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

B.	<u>To Relief Defendants Lizhao Su, Zhiqing Yin, Jun Qin, Bei Xie, and Yan Zhou</u>: Interactive Brokers LLC shall transfer the following amounts to Relief Defendants Su, Zhiqing Yin, Qin, Xie, and Zhou:

1. The remaining amounts in the accounts in the names of the Relief Defendant Su (ending in UXXX9828); Relief Defendant Zhiqing Yin (ending in UXXX9198); Relief Defendant Qin (ending in UXXX8920), and Relief Defendant Xie (ending in UXXX3862), other than the amounts set forth in Section IV(A) above, to the

      law firm of Wilson Sonsini Goodrich & Rosati, attorneys for those Relief Defendants; and

2. The remaining amounts in the account of Relief Defendant Zhou (ending in UXXX1566), other than the amounts set forth in Section IV(A) above, to the law firm of Sercarz & Riopelle, attorneys for Relief Defendant Zhou.

Interactive Brokers LLC may transmit payment electronically to Wilson Sonsini Goodrich & Rosati, and Sercarz & Riopelle, which will provide detailed ACH transfer/Fedwire instructions upon request.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the preliminary injunction entered in the Court's March 23, 2017 Order (Dkt. No 27) imposing an asset freeze over the accounts in the names of Relief Defendant Su (ending in UXXX9828); Relief Defendant Z. Yin (ending in UXXX9198); Relief Defendant Qin (ending in UXXX8920), Relief Defendant Xie (ending in UXXX3862), and Relief Defendant Zhou (ending in UXXX1566) shall and hereby is modified for the sole purpose of permitting Interactive Brokers LLC to sell any remaining securities in the accounts of Relief Defendants at controlling market prices and to make the transfers specified in Sections IV above, and that following the completion of those transfers, the asset freeze over the accounts in the names of Relief Defendant Su (ending in UXXX9828); Relief Defendant Z. Yin (ending in UXXX9198); Relief Defendant Qin (ending in UXXX8920), Relief Defendant Xie (ending in UXXX3862), and Relief Defendant Zhou (ending in UXXX1566) shall be lifted and vacated.

## VI.

IT HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED, and the Court hereby finds, that the funds to be transferred to the SEC pursuant to Section IV.A of the Final Judgment represent the proceeds from Defendant Yin's trading in Lattice and Dreamworks in the accounts of the Relief Defendants.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, and the Court hereby finds, that the remaining funds to be transferred to the Relief Defendants pursuant to Section IV.B of this Final Judgment belong to and are the separate property of the Relief Defendants, to which they have a legitimate claim.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 16, 2024

_____
J. PAUL OETKEN
United States District Judge